UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-25537-ELFENBEIN

**STANLEY ABLER**,

    Plaintiffs,

v.

**MEGAN ATKINSON**,

    Defendant.

_____/

## ORDER TRANSFERRING CASE[1]

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. On November 24, 2025, Plaintiff Stanley Abler filed this lawsuit against Defendant Megan Atkinson. *See* ECF No. [1]. Plaintiff's Complaint appears to assert claims under the Americans with Disabilities Act ("ADA"), the federal statute criminalizing interstate stalking/cyberstalking, and state law. *See* ECF No. [1] at 2. Plaintiff alleges that he is a citizen of Florida and, more specifically, that he resides in Melbourne. *See* ECF No. [1] at 1. Plaintiff alleges Defendant is a citizen of California and, more specifically, that she resides in Redding. *See* ECF No. [1] at 1.

Plaintiff asserts this Court has subject-matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, because he asserts claims under the ADA and other federal law; the diversity statute, 28 U.S.C. § 1332, because the parties are citizens of different states; and the supplemental jurisdiction statute, 28 U.S.C. § 1367, because he brings claims under state law. *See* ECF No. [1]

---

[1] "It is well established that the undersigned Magistrate Judge has the authority, under 28 U.S.C. 636(b)(1)(A), to dispose of motions to transfer venue, as such a ruling has a non-dispositive effect on the litigation." *Zampa v. JUUL Labs, Inc.*, No. 18-CV-25005, 2019 WL 1777730, at *5 n.3 (S.D. Fla. Apr. 23, 2019) (citation omitted).

at 2. And he asserts that "[v]enue is proper" in this District because Plaintiff "resides here." *See* ECF No. [1] at 2. As to Plaintiff's assertion of venue, the Court disagrees.

The federal venue statute gives three instructions about where a party may bring a "civil action." *See* 28 U.S.C. § 1391(b). First, the party may file his lawsuit in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *See* 28 U.S.C. § 1391(b)(1). Second, the party may file his lawsuit in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *See* 28 U.S.C. § 1391(b)(2). Third, "if there is no district in which an action may otherwise be brought," the party may file his lawsuit in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *See* 28 U.S.C. § 1391(b)(3). And for "all venue purposes," a natural person is "deemed to reside in the judicial district in which that person is domiciled." *See* 28 U.S.C. § 1391(c)(1).

Improper venue is a "waivable defect[]," and a defendant waives her right to object to improper venue if she "files a responsive pleading or" a Federal Rule of Civil Procedure 12 motion "failing to assert" it. *See Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). "In the absence of a waiver," however, "a district court may raise on its own motion an issue of defective venue." *Id.* And if the party files his lawsuit "in the wrong division or district," a court "shall dismiss" it or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). There are, of course, "some cases in which venue will be proper in two or more districts." *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). But when determining which district or districts are proper for venue purposes, "[o]nly the events that directly give rise to a claim are

relevant." *Id.* "And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Id.* (quoting 28 U.S.C. § 1391(a)(2)).

Although Plaintiff alleges venue is proper in this District because he "resides here," *see* ECF No. [1] at 2, he is mistaken. As his more specific allegations make clear, he resides in Melbourne, *see* ECF No. [1] at 1, which is in Brevard County, *see* City of Melbourne, Fla., *About the City of Melbourne*, https://www.melbourneflorida.org/Government/About-the-City (last visited Dec. 3, 2025). And Brevard County is in the Middle District of Florida, not the Southern District of Florida. *See* U.S. Dist. Ct. for the S. Dist. of Fla., *Federal Judicial Districts of Florida*, https://www.flsd.uscourts.gov/federal-judicial-districts-florida (last visited Dec. 3, 2025); 28 U.S.C. § 89(b) ("The Middle District comprises the counties of . . . Brevard.").

For those reasons, venue is not proper in this District unless a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here or a substantial part of property that is the subject of the action is situated here. *See* 28 U.S.C. § 1391(b)(2). Plaintiff has not alleged anything in the Complaint that would allow the Court to conclude that Defendant's conduct occurred in this District or that property situated in this District is involved. *See generally* ECF No. [1]; *cf. Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*, 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009) ("The focus of a venue inquiry is on the defendant and any actions taken by the defendant."). Accordingly, the Court finds that venue in this District is improper.

Because Plaintiff filed his lawsuit in the wrong District, the Court must decide whether to dismiss it or, instead, to transfer it to an appropriate judicial district. *See* 28 U.S.C. § 1406(a). As courts in this District have recognized, the "interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it." *Hemispherx*, 669 F. Supp. 2d at 1359. But a "transferee court must sit within a district in which the case originally could have been

brought, both with respect to venue and personal jurisdiction." *Id.* (quotation marks omitted).

From the allegations in the Complaint, particularly the assertion that Defendant "manipulat[ed]" Plaintiff into "doing free work on her home" by promising to pay for his travel and pay him for his work time, it appears venue is proper in the Eastern District of California because that is where Defendant resides. *See* Cnty. of Shasta, Cal., *About Shasta Cnty.*, https://www.shastacounty.gov/community/page/about-shasta-county (last visited Dec. 3, 2025) (noting that Redding is in Shasta County); U.S. Dist. Ct. for the E. Dist. of Cal., *Jurisdiction and Venue*, https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/jurisdiction-and-venue/ (last visited Dec. 3, 2025) (noting that Shasta County is in the Eastern District of California); 28 U.S.C. § 84(b) ("The Eastern District comprises the counties of . . . Shasta."). It is also presumably where her home is located, which makes it the place where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. *See* 28 U.S.C. § 1391(b)(2). It is also where a federal district court would assuredly have personal jurisdiction over Defendant. *See Hemispherx*, 669 F. Supp. 2d at 1359; Jud. Branch of Cal., *Jurisdiction and Venue: Where to file a case*, https://selfhelp.courts.ca.gov/jurisdiction-and-venue-where-file-case (last visited Dec. 3, 2025) ("In general, all California superior courts have jurisdiction over a person that lives in California or can be found in California."); Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").

It also appears that venue is proper in the Middle District of Florida, as Plaintiff alleges Defendant "contacted one of Plaintiff's employer[s] and spread false accusations to damage his professional reputation," *see* ECF No. [1] at 3, and presumably Plaintiff's employer is located in the same District where Plaintiff resides. *See* 28 U.S.C. § 1391(b)(2) (noting venue is proper in

the judicial district where a substantial part of the events or omissions giving rise to the claims occurred). And Florida's long-arm statute seems to reach far enough to embrace Defendant's alleged conduct. *See* Fla. Stat. § 48.193(1)(a)2 ("A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from . . . [c]ommitting a tortious act within this state."). This means a Florida federal court likely has personal jurisdiction over Defendant.

Because it appears that venue is presumably proper in both the Eastern District of California and the Middle District of Florida, the Court has authority to transfer the case to either of those districts. *See* 28 U.S.C. § 1406(a); *Hemispherx*, 669 F. Supp. 2d at 1359. But considering that, in the related context of a *forum non conveniens* analysis, a "plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a plaintiff's choice of forum," *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009), the Court concludes that the Middle District of Florida is the better option. Based on the venue allegations in the Complaint, *see* ECF No. [1] at 2, it appears that Plaintiff intended to file his lawsuit in the district where he resides, mistakenly filing it in the Southern District of Florida instead of the Middle District of Florida.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **TRANSFERRED** to the United States District Court for the Middle District of Florida. Whether Plaintiff may proceed without prepaying fees, *see* ECF

---

[2] Of course, if the Middle District of Florida determines it does not have personal jurisdiction under Fla. Stat. § 48.193(1)(a)2 or is not a proper venue under 28 U.S.C. § 1391(b)(2), it can transfer the case to the Eastern District of California under 28 U.S.C. § 1406(a).

No. [3], and whether the case may proceed further if granted *in forma pauperis* status shall be determined by the receiving court.

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case in the Southern District of Florida.

3. The Clerk is **DIRECTED** to **MAIL** a copy of this Order to Plaintiff at the address listed below and to enter a Notice of Compliance confirming it has done so.

**DONE and ORDERED** in Chambers in Miami, Florida on December 4, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

**Stanley Abler**
13537 US HWY 1
#129
Melbourne, FL 32958
*PRO SE*